**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMANDA BOURIZK** : | |
| **2106 Spring Street** : | |
| **West Lawn, PA 19609** : | |
| **Plaintiff,** : | |
| : | **Civil Action No.** |
| v. : | |
| : | **Complaint and Jury Demand** |
| **UGI CORPORATION d/b/a** : | |
| **UGI UTILITIES, INC.,** : | |
| **225 Morgantown Road** : | |
| **Reading, PA 19611** : | |
| : | |
| **460 North Gulph Road** : | |
| **King of Prussia, PA 19406** : | |
| **Defendant.** : | |

**CIVIL ACTION**

Plaintiff, Amanda Bourizk ("Plaintiff"), by and through her attorneys, Koller Law, LLC, brings this civil matter against UGI Corporation d/b/a UGI Utilities, Inc. ("Defendant") for violations under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff is an adult individual residing at the above captioned address.

2. Upon information and belief, Defendant is a utilities company with a location at 225 Morgantown Road, Reading, PA 19611 and with a corporate headquarters located at 460

North Gulph Road, King of Prussia, PA 19406.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant was an "employer" within the meaning of Title VII, the ADA and the PHRA.

## JURISDICTION AND VENUE

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities of Act of 1990, as amended, and the Pennsylvania Human Relations Act.

11. Plaintiff timely filed a Charge of Discrimination ("Complaint") with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2020-01851, and which was dual filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging gender and disability discrimination, sexual harassment, and retaliation against Defendant.

12. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 28, 2020. Plaintiff received the notice by mail.

13. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

15. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

17. Plaintiff was diagnosed with Post-Traumatic Stress Disorder ("PTSD").

18. The major life activities affected by PTSD, include, but are not limited to, learning, reading, concentrating and thinking.

19. On July 31, 2018, Defendant hired Plaintiff as a Customer Service Representative ("CSR").

20. Plaintiff was well qualified for her position and performed well.

21. During the week of October 15, 2018, Radlephy Lugo, IT, began to sexually harass Plaintiff.

22. Mr. Lugo made sexually inappropriate comments to Plaintiff and pinned her in the stairwell.

23. Plaintiff denied Mr. Lugo's advances.

24. On October 25, 2018, Mr. Lugo asked Plaintiff out on a date, which she declined.

25. Later that day, Mr. Lugo showed Plaintiff a picture of his erect genitalia.

26. Plaintiff then sent an email of Mr. Lugo's sexual harassment to Brandi Zeiber, Center Supervisor.

27. On October 26, 2018, Plaintiff met with Cathy Krohn, Human Resource Representative, and reported Mr. Lugo's sexual harassment.

28. Ms. Krohn informed Plaintiff that she required upper management's approval to address the situation.

29. However, after approximately two (2) weeks, Defendant had still not addressed Plaintiff's complaint.

30. Due to this, Plaintiff filed a police report with the Reading Police Department.

31. The next morning, Plaintiff notified Ms. Krohn that she filed a police report due to Defendant's lack of action.

32. Ms. Krohn became upset and told Plaintiff that she should not have filed the police report as Defendant was handling the situation.

33. Shortly after this, Ms. Krohn informed Plaintiff that Defendant's responses to her complaint was to take Mr. Lugo's phone when he came to work and to keep him on the opposite side of the building as Plaintiff.

34. Plaintiff notified Ms. Krohn that she did not feel comfortable with this.

35. Plaintiff frequently had to encounter or be near Mr. Lugo as part of her job at Defendant.

36. In or around January 2019, Ms. Zeiber and Ms. Krohn became overly critical of Plaintiff's work product and her work attire.

37. Ms. Zeiber and Ms. Krohn sent Plaintiff home so frequently for alleged dress code violations, including, but not limited to, wearing a company sweatshirt off hours, that it became an office joke that she could wear whatever she wanted because she was going to be sent home regardless.

38. Plaintiff's coworkers who did not report sexual harassment, including, but not limited to, Jess LNU, Marquita LNU and Anhya LNU, CSRs, frequently broke Defendant's dress code policy, but they were not sent home.

39. The retaliatory harassment was so severe that is exacerbated symptoms of her PTSD which caused her to suffer from panic attacks, making it medically necessary for Plaintiff to leave work.

40. Plaintiff notified Defendant of this, but Defendant instructed her to rest in the break room until she could return to work.

41. Plaintiff informed Defendant that she could not do this due to the severity of her symptoms.

42. Defendant then began to issue Plaintiff disciplines for leaving work due to her disability.

43. In or around early August 2019, Plaintiff applied for other positions within Defendant, including, but not limited to, Dispatcher, Scheduler and Clerk in an effort to move away from Ms. Zeiber and Ms. Krohn who continued to harass and retaliate against her.

44. Upon information and belief, Plaintiff was well qualified for the positions.

45. However, Defendant rejected Plaintiff from all of the positions that she applied to, stating that she was allegedly not qualified.

46. On August 20, 2019, Erica Komorosky, Manager, issued Plaintiff a written discipline for her personal account with Defendant becoming delinquent.

47. Previously, Plaintiff had been placed on a payment arrangement through the Public Utility Commission.

48. However, Defendant tried to take me off of the payment arrangement and nearly doubled the amount that she owed.

49. Plaintiff was forced to file a complaint with the Public Utility Commission in order to keep her payment arrangement.

50. Plaintiff believed Defendant's conduct was retaliatory.

51. On September 26, 2019, Plaintiff submitted her resignation letter to Ms. Zeiber in person to be effective October 4, 2019.

52. Approximately three (3) days later, Plaintiff requested Ms. Zeiber to rescind her resignation.

53. Ms. Zeiber responded that she would see what she could do.

54. On October 4, 2019, Stephen Borza, Human Resource Director, informed Plaintiff that Defendant could not rescind her resignation and that "it's best for you to move on."

55. It is Plaintiff's position that she was sexually harassed and retaliated against for reporting the aforementioned sexual harassment in violation of Title VII and was also discriminated against due to her disability in violation of the ADA.

## COUNT I – SEX DISCRIMINATION
## (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. By the conduct set forth above of Defendant, engaged in unlawful employment discrimination.

58. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe, pervasive, and regular.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

59. The unlawful employment practices outlined above were intentional.

60. Defendant knew or should have known of the sexual harassment.

61. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

62. As a result of Defendants' actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

63. The above described acts of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

64. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

65. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – SEX DISCRIMINATION
### (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
### PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

67. Plaintiff is a member of a protected class (female).

68. By the conduct set forth above of Defendant engaged in unlawful employment discrimination.

69. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    e. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    f. Such discrimination was severe, pervasive, and regular.

    g. Such discrimination detrimentally affected Plaintiff.

  h. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

70. The unlawful employment practices outlined above were intentional.

71. Defendant knew or should have known of the sexual harassment.

72. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

73. As a result of Defendants' actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

74. The above described acts of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the statutorily protected rights of Plaintiff.

75. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

76. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to, constructive discharge.

81. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

82. Defendant did not have a legitimate non-discriminatory reason for constructively discharging Plaintiff.

83. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

84. The purported reason for Defendant's decision is pretextual.

85. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

86. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Plaintiff and its agents as being disabled.

90. Plaintiff was qualified to perform the job.

91. Plaintiff was subject to an adverse employment action, including, but not limited to, constructive discharge.

92. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

93. Defendant did not have a legitimate non-discriminatory reason for constructively discharging Plaintiff.

94. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

95. The purported reason for Defendant's decision is pretextual.

96. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

97. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

98. As a result of Defendant's unlawful disability discrimination, Plaintiff suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

99. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

100. Plaintiff refused sexual advances from a supervisor at Defendant.

101. Plaintiff made internal complaints regarding the sexual harassment by her supervisor.

102. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

103. There exists a causal connection between Plaintiff's complaints of sexual harassment and the adverse employment action.

104. Defendant constructively discharged Plaintiff's employment as a result of her complaining of sexual harassment.

105. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VI – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

106. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

107. Plaintiff refused sexual advances from a supervisor at Defendant.

108. Plaintiff made internal complaints regarding the sexual harassment by her supervisor.

109. Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

110. There exists a causal connection between Plaintiff's complaints of sexual harassment and the adverse employment action.

111. Defendant constructively terminated Plaintiff's employment as a result of her complaining of sexual harassment.

112. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amanda Bourizk, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 30, 2020        **By:**    */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*